UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>SAFRAN, S.A.,<br><br>SAFRAN, USA, INC.,<br><br>and<br><br>RTX CORPORATION,<br><br>*Defendants*. | Case No. 1:25-CV-1897-CRC |

**UNITED STATES' UNOPPOSED MOTION AND MEMORANDUM
IN SUPPORT OF ENTRY OF FINAL JUDGMENT**

Pursuant to Section 2(b) of the Antitrust Procedures and Penalties Act, 15 U.S.C. § 16(b)-(h) ("APPA"), the United States of America ("United States") moves the Court to enter the proposed Final Judgment filed in this civil antitrust proceeding on June 17, 2025 (Dkt. No. 2) (attached as Exhibit A).

The proposed Final Judgment may be entered at this time without further proceedings if the Court determines that entry is in the public interest. 15 U.S.C. § 16(e). The Competitive Impact Statement ("CIS") filed in this matter on June 17, 2025 (Dkt. No. 3) explains why entry of the proposed Final Judgment is in the public interest. The United States is also filing a Certificate of Compliance (attached as Exhibit B) showing that the parties have complied with all

applicable provisions of the APPA and certifying that the United States has satisfied the 60-day statutory public comment period requirement.

I.   BACKGROUND

On June 17, 2025, the United States filed a civil antitrust Complaint seeking to enjoin the proposed acquisition of RTX Corporation's ("RTX") Collins Aerospace business comprising Collins Aerospace's flight control and actuation business by Safran S.A. ("Safran"). The Complaint alleges that the likely effect of this acquisition would be to substantially lessen competition in the market for the design, manufacture, and sale of trimmable horizontal stabilizer actuators for large aircraft in the United States in violation of Section 7 of the Clayton Act, 15 U.S.C. § 18. This loss of competition likely would result in higher prices, lower quality or service, less favorable contractual terms for customers, and reduced research and development efforts that would otherwise lead to innovative and high-quality products.

At the same time the Complaint was filed, the United States also filed a proposed Final Judgment, an Asset Preservation and Hold Separate Stipulation and Order ("Stipulation and Order"), and a CIS describing the events giving rise to the alleged violation and the proposed Final Judgment. The Stipulation and Order, which was agreed to by the parties and which was entered by the Court on July 2, 2025 (Dkt. No. 11), provides that the proposed Final Judgment may be entered by the Court once the requirements of the APPA have been met. The proposed Final Judgment requires Defendants to divest Safran's North American actuation, secondary flight controls, and electronic control units businesses. Entry of the proposed Final Judgment will terminate this action, except that the Court will retain jurisdiction to construe, modify, or enforce the provisions of the Final Judgment and to punish violations thereof.

## II.    COMPLIANCE WITH THE APPA

The Certificate of Compliance filed with this Motion and Memorandum states that all the requirements of the APPA have been satisfied. In particular, the APPA requires a period of at least 60 days for the submission of written comments relating to the proposed Final Judgment. 15 U.S.C. § 16(b). In compliance with the APPA, the United States filed the proposed Final Judgment and the CIS with the Court on June 17, 2025; published the proposed Final Judgment and CIS in the *Federal Register* on July 2, 2025 (*see* 90 Fed. Reg. 29033 2025); and caused a summary of the terms of the proposed Final Judgment and the CIS, along with directions for the submission of written comments, to be published in *The Washington Post* for seven days during the period June 27, 2025 to July 3, 2025. The United States did not receive any comments.

## III.   STANDARD OF JUDICIAL REVIEW

Before entering the proposed Final Judgment, the APPA requires the Court to determine whether the proposed Final Judgment "is in the public interest." 15 U.S.C. § 16(e)(1). In making that determination, the Court, in accordance with the statute as amended in 2004, "shall consider":

(A)     the competitive impact of such judgment, including termination of alleged violations, provisions for enforcement and modification, duration of relief sought, anticipated effects of alternative remedies actually considered, whether its terms are ambiguous, and any other competitive considerations bearing upon the adequacy of such judgment that the court deems necessary to a determination of whether the consent judgment is in the public interest; and

(B)     the impact of entry of such judgment upon competition in the relevant market or markets, upon the public generally and individuals alleging specific injury from the violations set forth in the complaint including consideration of the public benefit, if any, to be derived from a determination of the issues at trial.

15 U.S.C. § 16(e)(1)(A), (B). Section 16(e)(2) of the APPA states that "[n]othing in this section shall be construed to require the court to conduct an evidentiary hearing or to require the court to permit anyone to intervene." 15 U.S.C. § 16(e)(2). In its CIS, the United States explained the meaning and the proper application of the public interest standard under the APPA to this case and now incorporates those statements by reference.

### IV.  ENTRY OF THE PROPOSED FINAL JUDGEMENT IS IN THE PUBLIC INTEREST

The United States alleged in its Complaint that the acquisition of RTX's Collins Aerospace business comprising Collins Aerospace's flight control and actuation business by Safran would substantially lessen competition in the market for the design, manufacture, and sale of trimmable horizontal stabilizer actuators for large aircraft in the United States in violation of Section 7 of the Clayton Act. As explained in the CIS, the proposed Final Judgment is designed to eliminate the likely anticompetitive effects of the acquisition alleged by the United States by requiring the divestiture of Safran's North American actuation, secondary flight controls, and electronic control units businesses, including its trimmable horizontal stabilizer actuators for large aircraft. The public, including affected competitors and customers, has had the opportunity to comment on the proposed Final Judgment, and no comments were submitted. As explained in the CIS, entry of the proposed Final Judgment is in the public interest.

## V.     CONCLUSION

For the reasons set forth in this Motion and Memorandum and in the CIS, the United States respectfully requests that the Court find that the proposed Final Judgment is in the public interest and enter the proposed Final Judgment.

Dated: November 21, 2025

                                                                  Respectfully submitted,

                                                                  /s/ Daniel J. Monahan Jr
                                                                  Daniel J. Monahan Jr
                                                                  Trial Attorney
                                                                  U.S. Department of Justice
                                                                  Antitrust Division
                                                                  450 5th St. NW, Suite 8700
                                                                  Washington, DC 20530
                                                                  202-489-2305

                                                                  COUNSEL FOR PLAINTIFF
                                                                  UNITED STATES OF AMERICA